John E. Bohyer
Brandon R. Shannon
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | Cause No. CV- 21-118-BLG-SPW-KLD |
| Plaintiff, | ) ) | THE HON. _____ |
| -vs.- | ) ) | |
| GORDON ESCENE and KELLY ANN THAYER, as Personal Representative of the ESTATE OF DARLENE RUTH SMITH, | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Defendants. | ) ) | |

-------------------------------------------------------------------------------------------------

Plaintiff Safeco Insurance Company of America ("Safeco") brings this

action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against

Defendants Gordon Escene and Kelly Ann Thayer as Personal Representative of the Estate of Darlene Ruth Smith, alleging as follows:

## NATURE OF THE ACTION

1.      This is an insurance coverage action for declaratory relief under 28 U.S.C. § 2201 in which Safeco seeks a declaratory judgment that: (1) Safeco has no duty to defend or indemnify Gordon Escene in a lawsuit brought against him by the Estate of Darlene Ruth Smith and under policies issued by Safeco; and (2) that Safeco may recoup defense fees, costs, and settlement or indemnity sums paid related to the claims made by the Estate of Darlene Rush Smith .

2.      A declaratory judgment is appropriate because Gordon Escene tendered the lawsuit to Safeco for defense and indemnity.  Safeco is providing a defense subject to a full reservation of rights.

## THE PARTIES

3.      Safeco is a corporation organized under the laws of  New Hampshire with its principal place of business in Massachusetts.

4.      Upon information and belief, Gordon Escene is an individual residing in Yellowstone County, Montana.

5.      Upon information and belief, Kelly Ann Thayer is the personal representative of the Estate of Darlene Ruth Smith and the Estate is pending in

the Thirteenth Judicial District Court in Yellowstone County, Montana, Cause Number DP 20-0391.  Upon information and belief, Darlene Ruth Smith, deceased, was an individual residing in Yellowstone County, Montana.  Kelly Ann Thayer as Personal Representative of the Estate of Darlene Ruth Smith is a proper party to this action because the Estate may be affected by a finding that Safeco owes no duty to defend or indemnify Gordon Escene.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy is $2.5 million, which is the limit of the Safeco polices at issue, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Gordon Escene because he is an individual residing in Montana.

8.      This Court has personal jurisdiction over Kelly Ann Thayer as the Personal Representative of the Estate of Darlene Ruth Smith because Darlene Ruth Smith was an individual residing in Montana.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the District of Montana.

10.     Venue is proper in the Billings Division of this Court pursuant to Local Rule of Procedure 3.2(b) because it is the location of the loss and where a judgment would be obtained in the underlying lawsuit.

## FACTS

### A.     The Underlying Lawsuit

11.     Kelly Ann Thayer, as Personal Representative of the Estate of Darlene Ruth Smith, filed suit against Gordon Escene and EDJ Holding Company, Inc., The Jones Financial Companies, LLLP, and Edward D. Jones & Co., LP (collectively "Edward Jones") in Yellowstone County District Court, Cause Number DV-21-0093.

12.     The Complaint in that lawsuit (the "Underlying Complaint") generally alleges that Gordon Escene, while working as a financial advisor with Edward Jones, negligently exposed Darleen Ruth Smith to COVID-19, ultimately leading to her death.

13.     The Underlying Complaint alleges Gordon Escene was acting as an "agent" of Edward Jones, and "purported to provide safe and trustworthy financial professional services" and was "responsible for conducting business in a manner consistent with public health guidelines and regulations, applicable

professional standards and in accord with Edward Jones' safety protocols and polices."

14.     The Underlying Complaint alleges Gordon Escene met with Darlene Ruth Smith at her home on or about October 26, 2020 in "violation of applicable public health guidelines and regulations, as well as Edward Jones' protocols and policies."  After the meeting, Darlene Ruth Smith became ill with "respiratory compromise," was hospitalized, and passed away on November 12, 2020.

15.     The Underlying Complaint alleges two causes of action against Gordon Escene.  The first claim, Professional Negligence, alleges Escene was "negligent and careless and provided financial advising services below the standard of care, skill, and knowledge generally practiced by professionals in their field," specifically it is alleged the standard of care was breached for failing to follow public health guidelines, failing to implement and adhere to "professional safety protocols," and "failing to provide financial advising services consistent with reasonable commercial safety standards."

16.     The second claim, Gross Negligence, alleges that Escene's "actions were unlawful and conducted with such lack of care as to constitute gross negligence."

17.     The Underlying Complaint alleges as a result of the professional and gross negligence, Darlene Ruth Smith contracted COVID-19, ultimately resulting in her death.  The Underlying Complaint seeks survivorship and wrongful death damages, as well as punitive damages.

18.     Gordon Escene tendered the Underlying Complaint to Safeco for a defense and indemnity.

19.     Safeco accepted the tender and is defending under a full reservation of rights, including the right to recoup all defense fees and costs.  Safeco has incurred, and will continue to incur, defense costs.

**B.      The Safeco Policies**

20.     Safeco issued Homeowners Policy No. OM2670773 and Umbrella Policy No. UM2670587 to named insured Gordon Escene (the "Policies").  The Polices are effective from October 11, 2020 to October 11, 2021.  The Homeowners Policy includes Personal Liability Coverage with a limit of $500,000 and the Umbrella Policy includes a coverage limit of $2 million.

21.     The Policies exclude coverage for damages arising out of "business" pursuits of an insured.

22.     The Policies exclude coverage for damages arising out of "the rendering or failing to render professional services" by any insured.

23.    The Policies exclude coverage for injury arising "out of the transmission of a communicable disease" by any insured.

24.    The Policies exclude coverage for injury arising from the "discharge, dispersal, seepage, migration, release, escape, emission, transmission, absorption, ingestion or inhalation of pollutants or contaminants," and "Pollutants or contaminants" is defined to include "pathogenic or poisonous biological materials."

25.    All of the above referenced exclusions operate to bar coverage for the loss.

26.    The Polices do not expressly provide coverage for punitive damages and therefore there is no coverage for punitive damages pursuant to Montana Code Annotated Section 33-15-317.

## COUNT 1: DECLARATORY JUDGMENT

27.    Safeco realleges and incorporates each of the preceding paragraphs as though fully set forth herein.

28.    Coverage for the Underlying Lawsuit is precluded by multiple exclusions, and consequently, Safeco has no duty, and has never had any duty, to defend or indemnity Gordon Escene in the Underlying Lawsuit.

29.     Safeco is entitled to recoup defense fees and costs, including attorneys' fees, expert witness fees, and other costs, as well as any settlement or indemnity funds, which Safeco has expended on Gordon Escene's behalf related to the defense of the Underlying Lawsuit.

WHEREFORE, Safeco requests this Court enter Judgment against Defendants as follows:

A.     Declaring that Safeco does not owe and has never owed a duty to defend or indemnify Gordon Escene in relation to the claims made in the Underlying Complaint;

B.     Ordering Gordon Escene to reimburse Safeco for sums paid in defense, settlement, or indemnity of the claims made in the Underlying Complaint;

C.     Ordering that Kelly Ann Thayer as Personal Representative of the Estate of Darlene Ruth Smith may not collect any judgment, settlement, or indemnification on the claims in the Underlying Complaint from the Safeco Policies; and

D.     The Court should provide further relief as the Court deems necessary.

DATED this 8th day of November, 2021.


_____/s/ John E. Bohyer_____
John E. Bohyer
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
*Attorneys for Plaintiff*